# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

|  |  |
|---|---|
| ORACLE AMERICA, INC., ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | No. 18-1880 <br><br> Senior Judge Bruggink |

## **MOTION BY AMAZON WEB SERVICES, INC. TO INTERVENE AS DEFENDANT**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Amazon Web Services, Inc. ("AWS") hereby moves to intervene as a party-defendant in the above-captioned protest by Plaintiff Oracle America, Inc. ("Oracle").

### RELEVANT FACTUAL BACKGROUND

Oracle's protest challenges various aspects of Department of Defense ("DoD") request for proposals HQ0034-18-R-0077 (the "RFP"), more commonly known as the Joint Enterprise Defense Infrastructure ("JEDI") Cloud procurement. Among Oracle's allegations is its assertion that DoD failed to properly consider potential conflicts of interest involving AWS, which timely submitted a proposal in response to the RFP and is currently competing against Oracle for award of the JEDI contract. Notably, the Government Accountability Office ("GAO") recently denied the exact same allegation filed by Oracle in that forum. *See Oracle Am., Inc.*, B-416657 *et al.*, Nov. 14, 2018, 2018 CPD ¶ 391.

**GROUNDS FOR INTERVENTION**

RCFC 24(a)(2) allows a party to intervene as of right where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Alternatively, RCFC 24(b) provides for permissive intervention where a movant "has a claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Here, AWS is entitled to intervene under either provision.[1]

## I.  AWS IS ENTITLED TO INTERVENE AS OF RIGHT

AWS is entitled to intervene as of right under RCFC 24(a)(2). AWS timely submitted a proposal in response to the RFP and is currently seeking to be awarded the contract under the JEDI Cloud procurement. Moreover, Oracle's Complaint specifically alleges conflicts of interest involving AWS. Thus, AWS has direct and substantial economic interests at stake in this case, and its disposition clearly could impair those interests. *See CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006) (allowing intervention where protest of solicitation directly implicated movant); *see also, e.g.*, *Orion Tech., Inc. v. United States*, 102 Fed. Cl. 218, 219 (2011) (allowing intervention in pre-award protest), *aff'd*, 704 F.3d 1344 (Fed. Cir. 2013); *L-3 Commc'ns EOTech, Inc. v. United States*, 83 Fed. Cl. 643, 644 (2008) (same).

---

[1]  Under RCFC 24(c), a motion to intervene must ordinarily "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." That requirement, however, is inapplicable in bid protests, where the parties proceed on motions for judgment on the administrative record. *See Progressive Indus., Inc. v. United States*, No. 14-1225C, 2015 WL 1810495, at *6 (Fed. Cl. Apr. 17, 2015) (rejecting argument that separate pleading is required for intervention in bid protest).

Additionally, AWS's interests cannot be adequately represented by the Government. AWS's "burden of showing the inadequacy of representation clearly is 'minimal.'" *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, (1972)). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich*, 404 U.S. at 538, n.10. The Government's interest in defending bid protests typically includes preserving the discretion of agency officials and enabling itself to proceed with procurements without undue delay. AWS has separate interests that the Government has no incentive to defend, such as AWS's proprietary and financial interests in its proposal and AWS's reputational interest in defending against Oracle's meritless conflict of interest allegations. *See CHE Consulting*, 71 Fed. Cl. 635 (finding movant's interests "may not be adequately protected by the Government").

Accordingly, AWS has a direct interest in this protest and no existing party adequately represents that interest. Thus, AWS is entitled to intervene as of right.

## II.     PERMISSIVE INTERVENTION IS ALSO APPROPRIATE

Alternatively, permissive intervention under RCFC 24(b) is also appropriate. For all of the reasons above—*e.g.*, AWS is an actual offeror under the procurement and has interests directly challenged by Oracle's protest—AWS has a direct interest in this case, as well as claims or defenses that share with the main action common questions of law or fact. Moreover, AWS's intervention is timely and will not unduly delay or prejudice the adjudication of the original parties' rights. The briefing schedule has not yet been established, and AWS is prepared to meet any briefing schedule the parties and Court may adopt. Counsel for AWS is also available to participate in the status conference currently scheduled on December 13, 2018.

For these reasons, permissive intervention is also appropriate.

## CONCLUSION

For the reasons above, AWS respectfully requests that it be added as a defendant-intervenor in this action.

On December 11, counsel for AWS contacted counsel for the United States and counsel for Oracle regarding this motion. The United States does not oppose AWS's intervention in this case. Counsel for Oracle has not yet been able to state whether Oracle will oppose AWS's intervention.

December 12, 2018

Of Counsel:

Olivia L. Lynch
Robert J. Sneckenberg
OLynch@crowell.com
RSneckenberg@crowell.com

Respectfully submitted,

s/ Daniel R. Forman
Daniel R. Forman
   (Counsel of Record)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Tel: (202) 624-2504
Fax: (202) 628-5116
DForman@crowell.com

*Attorneys for Amazon Web Services, Inc.*