# In the United States Court of Federal Claims

No. 18-1880C
(Filed: January 3, 2019)

* * * * * * * * * * * * * * * * * * * * * * * * *

ORACLE AMERICA, INC.,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*,

and

AMAZON WEB SERVICES, INC.,

      *Intervenor*.

* * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

On December 21, 2018, plaintiff, Oracle America, Inc. ("Oracle"), filed an application for access to protected material on behalf of Ms. Peggy Bruggman. Intervenor, Amazon Web Services, Inc. ("AWS"), filed a timely objection to Oracle's application. Plaintiff, at the court's direction, filed a response to intervenor's objection on January 2, 2019. Neither further briefing nor oral argument is deemed necessary. For the reasons set out below, we deny the application.

When considering an objection to an application for access, the court weighs such factors as the "nature and sensitivity of the information at issue, the party's need for access to the information in order to effectively represent its position, the overall number of applications received, and any other concerns that may affect the risk of inadvertent disclosure." Rules of the United States Court of Federal Claims, App. C, ¶ 18(c).

Regarding the nature and sensitivity of the information, the parties agree that the information at issue is highly sensitive, and the government, although it did not file an objection to the application for access, requested heightened security measures for Ms. Bruggman's access to the material. *See* Intervenor's Obj. 2, 5, 7; Pl.'s Resp. 2, 6, 8. Furthermore, plaintiff and intervenor acknowledge that these firms operate in an intensely competitive environment on an ongoing basis and that harm flowing from inadvertent disclosure would be, as plaintiff puts it, "real and material." Pl.'s Resp. 2.

Intervenor argues that plaintiff has not shown any need for Ms. Bruggman to access the information for plaintiff's position to be effectively represented. The court agrees. Although it is, of course, plaintiff's right to select counsel, when considering access to protected material the shown need for access must be considered. Currently, five attorneys for plaintiff are permitted to access protected material. Although plaintiff states that Ms. Bruggman's litigation experience will "give Oracle increased confidence in the approach taken in this litigation," Pl.'s Resp. 2, neither the application nor the response provides any real explanation as to what unique contribution Ms. Bruggman will bring to the analysis. We note as well that Ms. Bruggman's lack of involvement with procurements generally, while offered to minimize the risk of disclosure, also militate against the need for her involvement at this stage.

As for the risk of inadvertent disclosure, Ms. Bruggman works in close proximity and reports to those who are involved in competitive decision-making and, in the course of her responsibilities described in the application, she may be called upon to give procurement-related advice. Given the highly sensitive nature of the material, the early stage of the procurement, and the dollars involved, plaintiff has not made a sufficient showing of need to overcome the risks of inadvertent disclosure. Additionally, the matters asserted in the complaint were very lightly redacted, allowing counsel to meaningfully discuss non-privileged matters without violating the protective order.

In sum, this matter involves highly sensitive information and a keenly competitive procurement in its early stages. In the absence of any persuasive reason to expand the already substantial list of admittees, the court finds that the hazards flowing from an inadvertent disclosure are an unwarranted risk. We therefore deny the application.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge